UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARVIN J. GREGORY,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCI M. ROBERTS,<br><br>    Defendant. | Case No. C04-5901 FDB<br><br>ORDER DENYING DISMISSAL |

This matter is before the Court upon the motion of Defendant for an order to dismiss for failing to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff proceeding *pro se* brings this 42 U.S.C. §1983 action against Luci M. Roberts and employees of the Washington State Department of Labor and Industries.  Plaintiff alleges constitutional violations of equal protection, and due process, and federal claims of fraud, conspiracy, and extortion under the RICO Act.   Having considered the motion, balance of the record, and notwithstanding Plaintiff's failure to respond, the Court finds for the reasons set forth herein, that Defendant's motion for dismissal is **DENIED.**

ORDER - 1

## I.

In determining whether Plaintiff has appropriately stated a claim for relief, the Court must determine whether it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The allegations of a pro se complaint, "however in artfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers..." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). The Federal Rules of Civil Procedure do not require a claimant to set out the precise facts on which the claim is based. *ACLU v. Barr,* 952 F.2d 457 (D.C. Cir. 1991). If a complaint's factual allegations, and the reasonable inferences derived from them, would support a legal theory entitling the plaintiff to some relief a Rule 12(b)(6) motion should be denied. *Id.* The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## II.

42 U.S.C. §1983 is available to redress deprivations under color of state law of rights, privileges, and immunity secured by federal statutes as well as by Constitution. See *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds by *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Plaintiff alleges Defendants under color of law as Supervisor and staff of the Washington State Department of Labor and Industries "conspired among themselves and then with others for the sole purpose of taking, keeping monies and medical" by providing perjured testimony and other illegal actions. Plaintiff further maintains that Defendants' actions placed his health in unnecessary risk. Plaintiff contends Defendants insisted on his travel to the state on September 15, 2004 with knowledge that such a requirement would compromise Plaintiff's health condition. Plaintiff contends the "forced" trip resulted in illness that directly caused his subsequent

ORDER - 2

hospitalization.

Defendant's inference of Plaintiff's complaint is misplaced; albeit understandably so. Plaintiff does not bring this action as a claim for criminal enforcement from one private citizen against another. If that were the case, Defendant aptly notes such remedy is not provided. Conversely, Plaintiff brings this action against Defendants in their official capacity. Plaintiff's complaint states, "From 1998 thru 2004 Labor and Industries/its workers not only mishandled my L&I claim, but also committed criminal actions in [and] as to my L&I claim." Upon order to show cause, Plaintiff clarified his complaint by identifying the parties and stating his claim: "Luci M. Roberts and the Washington State Department of Labor and Industries [and] its workers was done under the color [or] guise of the job of L.M. Roberts at the Washington State Department of Labor and Industries." Plaintiff's allegations assert constitutional violations and deprivations against Defendants in their official capacities. Accordingly, Plaintiff is entitled to relief under the law.

Furthermore, Plaintiff maintains criminal actions of perjury, conspiracy, and extortion under the RICO Act. To violate the RICO act, a defendant must conduct an enterprise through a pattern of racketeering activity. *Fireman's Fund Ins. Co. v. Stites,* 258 F.3d 1016, 1021 (9th Cir. 2001); see also 18 U.S.C. §1962. Plaintiff maintains Defendants have purposefully taken and withheld time-loss compensation belonging to Plaintiff by giving false and perjured testimony. Taking the facts as true to the nonmoving party as this Court is required to do, Plaintiff has successfully stated a claim of action.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendant's motion to dismiss for failure to state a claim (dkt. # 13) is **DENIED.**

ORDER - 3

1
2 | DATED this  8th  day of June, 2005.
3
4 |                                         _____
5 |                                         FRANKLIN D. BURGESS
  |                                         UNITED STATES DISTRICT JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26 | ORDER - 4