UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARVIN J. GREGORY,

    Plaintiff,

  v.

LUCI M. ROBERTS,

    Defendant.

Case No. C04-5901FDB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is the motion of Defendant Luci M. Roberts ("Roberts") for summary judgment on the claims of Plaintiff Marvin J. Gregory ("Gregory"). Plaintiff's claims include that his rights were violated under 42 U.S.C. § 1983, that Defendant violated the Racketeer Influenced and Corrupt Organizations Act (RICO), and that his worker's compensation claim was mishandled.

The court, having reviewed the motion, response, Gregory's cross-motion for summary judgment, the summary judgment evidence, and having provided Plaintiff a sixty day continuance within which to respond to Defendant's motion and/or obtain counsel, finds that the motion should be granted.[1]

---

[1] Gregory's subsequent request for a continuance of the summary judgment motion was denied. On the day prior to this motion's noting date, Gregory requested oral argument on the motion and "rescinded" his request for a continuance. The court finds Gregory's request for oral argument to be untimely (*see* CR 7(b)(4)) and without merit. The court finds oral argument unnecessary as the issues before it may be readily determined on the parties' written submissions.

ORDER - 1

I.

*Factual Background*

The facts relevant to the issues before the court are undisputed. Roberts was employed by the Department of Labor and Industries of the State of Washington (L&I) as a Claims Manager Level 3. Her duties include adjudicating claims, scheduling independent medical examinations and reviewing worker's compensation claims. She is responsible for claims for claimants living in Colorado or California, and was assigned to Gregory's worker's compensation claim on or about July 26, 2000, when Gregory moved from Washington to California.

Roberts was the Claims Manager on Gregory's worker's compensation claim during Gregory's appeal with the Board of Industrial Insurance Appeals ("Board") and if Gregory succeeds in his appeal in superior court, Roberts will be responsible for the continued management of Gregory's claim.

On August 13, 1998, while employed as a truck driver, Gregory began to feel pain in his arms while moving tarps covering a lumber load. In November, 1998, Gregory filed the worker's compensation claim at issue here. L&I rejected his claim on December 8, 1998. Gregory appealed this rejection to the Board and on December 26, 2002, the Board reversed L&I and instructed it to allow Gregory's claim. On February 21, 2003, L&I ended time loss compensation benefits as of September 1, 1999, and closed Gregory's claim without awarding him permanent partial disability. Gregory protested this order on March 17, 2003. The following day, L&I affirmed this decision and Gregory appealed to the Board. A hearing was scheduled for March 9, 2004.

Gregory was permitted to appear by telephone to request a continuance of the March 9th hearing based on his claim that he was not well enough to travel to Washington to appear at the hearing. The Board granted the motion for continuance and rescheduled the hearing for September 15, 2004. On August 16, 2004, Gregory filed a second motion for continuance. Judge Harrison denied the motion on the grounds that Gregory had failed to provide sufficient medical support for

ORDER - 2

his contention that he was unfit to travel. The order denying the continuance did not require Gregory to personally appear at the September 15, 2004 hearing. Roberts did not instruct Gregory that his appearance was necessary and recalls on at least one occasion telling Gregory that his appearance was not necessary.

The Board ultimately confirmed L&I's order ending time loss compensation benefits, denying an award for partial permanent disability, and closing Gregory's case. Gregory appealed the decision and that appeal is currently pending in Superior Court in Thurston County, Case No. 05-2-00298-8.

## II.

### *Summary Judgment Standard*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts which show a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). Summary judgment is proper if the moving party shows that there is no evidence which supports an essential element to the non-moving party's claim. Celotex, 477 U.S. 317 (1986). The substantive law governs whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). After the moving party has made its required showing, the non-moving party cannot simply rest on the conclusory allegations in their pleadings. Fed.R.Civ.P. 56(e).

Roberts contends that summary judgment is appropriate because, even viewing the facts in the light most favorable to Gregory, the factual issues have already been resolved by the Board. The remaining issues, qualified immunity, collateral estoppel and subject matter jurisdiction, are questions

ORDER - 3

of law appropriate for resolution at the summary judgment stage. In addition, Roberts submits that the question of whether Gregory has a cognizable claim under RICO can be decided under the plain language of the Act itself and does not require resolution of any factual issues. The court agrees.

III.

*Discussion*

**A.   Defendant's Immunity from Suit - Section 1983 and RICO Claims**

Roberts is a government employee sued in her official capacity. By suing Roberts in her official capacity, Gregory is suing the state itself. *See*, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Under the Eleventh Amendment to the United States Constitution, states are immune from suit brought by citizens in state courts absent a showing of a waiver of immunity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S.Ct. 2028 1997). 42 U.S.C. § 1983 did not abrogate state immunity and the State of Washington has not waived its immunity from suit under the Eleventh Amendment. *Will*, 491 U.S. at 66. Similarly, the RICO Act does not abrogate state immunity. *Production & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21-22 (9th Cir. 1983).

In addition, government officials who are sued in their official capacity are entitled to qualified immunity from suits alleging violations of constitutional and statutory rights absent evidence of incompetence or a knowing violation of the law. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034 (1987). The defense of qualified immunity has two prongs, the first of which requires that there must be a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). Absent such a violation, there is no need to pursue the remaining qualified immunity analysis. *Id*. Roberts contends that she is entitled to summary judgment because Gregory has not proven a constitutional or statutory rights violation in the manner in which she handled Gregory's claim. The court agrees. At the heart of Gregory's Complaint is his contention that his worker's compensation claim should have been granted and that L&I cannot take the statements of a

ORDER - 4

claimant's employer into account as part of its claims assessment protocol.  The gist of Gregory's complaint is made evident in these allegations and from the fact that he requests time loss compensation benefits as relief.  In contrast, there is no evidence that Roberts threatened Gregory nor harbored any bias against him.[2]  The court finds no constitutional or statutory rights violation and accordingly, Roberts is entitled to qualified immunity from Gregory's Section 1983 and RICO claims.[3]

**B.    Subject Matter Jurisdiction Over Worker's Compensation Claim**

Roberts argues that this court lacks subject matter jurisdiction to determine whether L&I properly ended time loss compensation and closed Gregory's worker's compensation claim, denying him permanent partial disability, both because worker's compensation claims are barred by exclusive remedy provisions and because Gregory has already had a full and fair opportunity to litigate this issue.  The court agrees.

Washington's Industrial Insurance Act; Wash. Rev. Code § 51.040.010, 51.32.010 (2004), provides the exclusive remedy for any suit attempting to challenge a worker's compensation claim, unless the injury is deemed to fall outside the Act altogether.  *See*, *e.g.*, *McCarthy v. Dep't of Social*

---

[2] Gregory's argument that his rights were violated because he was forced to attend the September 15, 2004 Board hearing does not avail Gregory because Roberts is not employed by the Board and did not advise Gregory that he was required to attend the hearing.  Indeed, the uncontroverted evidence is that there was no requirement for Gregory to attend the hearing.

[3] Roberts' qualified immunity aside, the court also notes that any attempt to carve a RICO violation from Gregory's allegations fails.  Gregory provides no evidence demonstrating acts of extortion or conspiracy and fails to allege or provide proof of any "indictable" offense under RICO.  *See* 18 U.S.C. § 1961(1)(B)-( C), (E)-(G).  (Roberts is correct that the Court's prior order was in error in suggesting that Gregory's allegation of perjury stated a cognizable claim under RICO.)   As evidence of a conspiracy, Gregory points to L&I staff in addition to Roberts, who discussed and agreed to the closure of his L&I claim.  The court does not find this sufficient to transform what is essentially a complaint about the handling of a worker's compensation claim into a scheme prohibited by the RICO predicate statutes.  *See*, *e.g.*, Chang v. Chen, 80 F.3d 1293, 1300 (9th Cir. 1996) (a group does not constitute an enterprise unless it exists independently from the racketeering activity in which it engages).

ORDER - 5

*& Health Servs.*, 759 P.2d 351, 354 (Wash. 1988). In this case, Gregory's injuries do not fall outside the Act and he claims that he is entitled to benefits under the Act. Gregory's claim for damages on all of his claims is for time loss compensation and settlement of his worker's compensation claim. Thus, the Act's exclusive remedy provisions apply.

In addition, Gregory is collaterally estopped from challenging the resolution of his worker's compensation claim. The policy behind collateral estoppel is that claimants are entitled to one, but only one, fair adjudication of a particular issue. *In re Personal Restraint of Gronquist*, 978 P.2d 1083, 1090 (Wash. 1999). The issue decided by the Board (determining whether termination of Gregory's time loss compensation was justified) is identical to the issue presented here (mishandling of his claim resulted in termination of time loss compensation). The Board issued a final judgment on the merits. The parties here are the same (in this case, Gregory sues the state through a state employee in her official capacity). And finally, application of the doctrine of equitable estoppel would not be unjust to Gregory. Gregory had a full opportunity to litigate the claim before L&I and the Board and, in fact, is presently availing himself of the appellate procedure for decisions made under the Industrial Insurance Act by challenging termination of his time loss compensation in the Superior Court in Thurston County, Washington. Therefore, dismissal of Gregory's claims in this court will not effect an injustice upon Gregory and will instead preserve judicial economy and avoid the possibility of inconsistent rulings.

ACCORDINGLY,

IT IS ORDERED:

(1)   Defendant Luci M. Roberts' motion for summary judgment (Dkt.# 26) is **GRANTED**;

(2)   Plaintiff Marvin J. Gregory's counter and cross motion for summary judgment (Dkt.#42) is **DENIED**;

(3)   Plaintiff's claims are **DISMISSED WITH PREJUDICE**; and

ORDER - 6

(4) The Clerk is directed to enter Judgment in favor of Defendant Luci M. Roberts on all of Plaintiff's claims.

DATED this 4th day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7